Chancellor Gaíllard,
dissenting. It is said that although the settlement be good as to subsequent debts, it is void as to the demands of the complainants, as they are entitled under the will of Mr. Wilkinson to the proceeds of lands, ordered by him to be sold by his executor, and which were sold by Mr. Clement as such, and who received and never accounted for them. I do not consider the claim as at all analogous to a debt existing at the time of settlement; it is true the trust then existed, but the breach of trust or fraud, should thatbeimpuled to Mr. Clement, was long subsequent, and until the one or the other was committed, he incurred no liability. The settlement in no wise affected the interests ofthe complainants at the time of its execution. Itwasa fair transaction, and its original character could not be altered by subsequent events. The claim of the complainants can only be sustained by giving to the conduct of Mr. Clement, after the settlement, a retrospective effect* by connecting his breach oC *88 trust with its acceptance, and considering the time of the acceptance as that of the existence of their claim; but this cannot be, for the deed being valid when it was executed, rights were instantly acquired under it, and these were entirely beyond the control of Mr. Clement, and no acts of his could prejudice them; nor can the settlement be considered as subject to the trust, since the acceptance of a trust does not give to the ces-tuique trust an equitable lien on the estate of his trustee. Mr. Clement rendered himself personally liable for an> breach, of trust he may have committed, but its consequences cannot be visited on the property contained in the settlement.